IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRADFORD E. WILSON : CIVIL ACTION
:
v. :
:
UPPER CHICHESTER TOWNSHIP :
POLICE OFFICER JOHN P. :
MONTGOMERY, ET AL. : NO. 11-4337

FILED
JUL 11 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**M E M O R A N D U M**

O'NEILL, J.                                JULY __, 2011

    Plaintiff, Bradford E. Wilson, has filed a *pro se* civil rights complaint against two Upper Chichester Township police officers. Although plaintiff's complaint is somewhat unclear, he appears to be alleging that in August 2008, while he was incarcerated, money was misappropriated from his bank account. When plaintiff attempted to have the defendants investigate his alleged loss, the defendants responded that plaintiff was faking the crime and failed to take any action. Plaintiff appears to be seeking the return of his bank account money and monetary damages.

    With the complaint, plaintiff filed a motion for leave to proceed *in forma pauperis*. Because it appears he is unable to pay the cost of commencing this action, leave to proceed *in forma pauperis* is granted. However, the complaint will be dismissed as legally frivolous for the reasons which follow.

**I. DISCUSSION**

    **A.**    **Standard of Review**

Section 1915(e)(2) of Title 28 of the United States Code provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

    **B.**    **Loss of Personal Property**

Plaintiff's claim that the defendants failed to investigate the alleged loss of his bank account money charges a denial of procedural due process. Where an adequate post-deprivation remedy exists under state law by which plaintiff can recover the value of the property that has been deprived, the plaintiff has received all the process that he is due. Zinnermon v. Burch, 494 U.S. 113 (1990). There being a meaningful post-deprivation remedy for his alleged property loss under the Pennsylvania Tort Claims Act, plaintiff has failed to state a cognizable deprivation of property claim.

    **C.**    **Failure to File Criminal Charges**

The Supreme Court has held that "a private citizen lacks a judicially cognizable interest in the prosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Thus, plaintiff's claim that the defendants failed to investigate

and charge anyone for the loss of his bank account money fails state a cognizable violation of his constitutional rights.

### D. Statute of Limitations

The Supreme Court has held that federal civil rights claims are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The statute of limitations for personal injury actions in the Commonwealth of Pennsylvania is two years. 42 C.S.A. § 5524. Unless otherwise tolled, the limitations period on federal civil rights claims begins to run when the claimant "knew or had reason to know of the injury that constitutes the basis of th[e] action." Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982) (per curiam).

It is apparent that plaintiff "knew or had reason to know of the injury that constitutes the basis" of this action more that two years before it was filed. Thus, the statute of limitations for this action began to run in August 2008, when plaintiff claims that his property was misappropriated, and had expired by the time this complaint was filed on July 6, 2011. Even if this complaint set forth actionable violations of plaintiff's constitutional rights, and it does not, it would nevertheless be dismissed as time-barred.

### E. Claim for Relief

Finally, plaintiff's request that this Court compel the defendants to investigate his alleged property loss is, in essence, a request for issuance of a writ of mandamus. However,

such relief is not available in this civil rights action. The federal mandumus statute, 28 U.S.C. § 1361, confers jurisdiction only over officers or employees of the United States, and plaintiff is seeking to mandamus employees of Upper Chichester Township.

## II. CONCLUSION

Section 1915(e)(2) of Title 28 of the United States Code authorizes the Court to dismiss "at any time" a civil action brought in forma pauperis. Because plaintiff has failed to advance any actionable violation of his constitutional rights, and this action is now time-barred, this case will be dismissed as legally frivolous at this time.

An appropriate order follows.

4